## NORTHFIELD v. MERRIMACK COUNTY.

Chapter 2482 Pamphlet Laws, entitled "An act relating to the settlement of paupers," abolishes and destroys all settlements gained prior to January 1, 1820, and all such as have been gained since that date by being admitted an inhabitant of any town by vote of the town, or by being chosen and actually serving one year in some town office.

Paupers who lost a settlement by the operation of said act, are not necessarily chargeable upon the county within which they had such former settlement, but they will be chargeable upon the county within which they in fact reside at the time of making their application for aid, if such residence is *bonâ fide* and they have no home or domicil in any other county.

PETITION of the selectmen of Northfield for compensation for the support of Elliott Durgin and wife, and Winthrop M. Sewall, paupers resident in said Northfield, and alleged to be chargeable to said county of Merrimack.

Prior to the passage of the act of July 4, 1861, Durgin and wife had a settlement in Bristol, in the county of Grafton, by virtue of said Durgin's having been elected and serving one year as one of the selectmen of that town, and had been supported by Bristol at the residence of Durgin's son-in-law in Northfield for about two years. When they first became poor and unable to support themselves, they were resident in Northfield, and applied to that town for assistance. Notice was thereupon given to Bristol, and their selectmen came to Northfield, paid the expense of their support to that time, and engaged their son-in-law to maintain them, and continued to pay him for their support until the passage of the act aforesaid, when they settled up with him, and notified the selectmen of Northfield that they should maintain them no longer. The paupers have since been supported by Northfield, and have no settlement in this State under the existing laws.

Said Sewall is an insane person, who, at the time he became poor, was resident in Northfield, and applied to that town for relief. Having a settlement in Gilford, that town, upon notice, paid the bills and assumed his support, maintaining him for some time at the Insane Asylum, at Concord; but, his disease proving incurable, at length removed him to the poor-farm in Gilford, where he was supported at the date of the passage of said act. Thereupon the selectmen of Gilford informed him that their town was no longer liable to support him, and discharged him from the farm, and he came to Northfield, to the residence of his sister, where he has since remained and been supported by Northfield. He has no settlement in the State under the existing laws.

Upon the foregoing facts the county commissioners rejected the claim of Northfield for the support of these paupers, and their selectmen petitioned this court for relief against the decision of the commissioners. And the questions arising upon the case were reserved.

*Selectmen*, for Northfield.

*Fowler & Chandler*, for Merrimack County.

SARGENT, J.   It is not pretended that the paupers in this case have now any settlement in this State. Prior to the act of July 4, 1861, they each had settlements; but the effect of that act must be to abolish or destroy all such settlements gained before the first day of January, 1820, and all such as have been gained since that time, by being admitted an inhabitant of any town by vote of the town, or by being chosen and actually serving one year in some town office.

These settlements are the mere creations of the statute, and may be made or unmade at pleasure. No vested right can accrue to any one to retain a settlement thus gained longer than the statute giving it shall remain in force. These persons, then, all became county paupers upon the passage of the act alluded to, and it does not appear that improper means or influences were used to compel or induce any of them to change their location or residence, after the passage of said act; but they made whatever changes were made of their own free choice, which, for aught appears, they had a perfect right to exercise.

We can not see that any statute provision has been violated by the town of Gilford—certainly none by Bristol; nor do we see any occasion for the court to remove these paupers or order them to be removed from Merrimack county for that reason. Rev. Stat., ch. 67, secs. 9, 10; Comp. Laws 162.

It appears that Durgin and wife had a settlement in Bristol under the late law, by his having been elected and serving one year as a selectman in said Bristol. It does not appear when this was, but it does appear that, previous to their needing any aid, and at the time when they made the first application, they were residing in Northfield, and applied there for assistance, and have always since contin-

ued to reside there. And if any presumption is to be made as to their legal domicil at the present time, it would seem, from the facts stated, that it must be in favor of Northfield—certainly no presumption could be made that their domicil was not there.

And the same is true of Sewall. It only appears that he had a legal settlement in Gilford, but it does not appear how it was gained or when; but in his case it also appears that, at the time of his first application for aid, he resided in said Northfield. He was removed to Gilford to be supported, as that town had a right to remove him, even against his wishes and inclinations; and, as soon as their power to retain him ceased by the termination of their liability to support him, he had a right to go where he pleased, and, it would seem, returned to his old home, from which he had been taken, perhaps unwillingly, in the first instance. It would seem probable that his legal domicil may be in Northfield—certainly, upon the facts stated, no contrary presumption can be made.

We think the petition of the town for relief must be granted; and it is ordered, that such sums as have been legally and properly expended by the town of Northfield, in the support of said paupers, be allowed and paid by said county of Merrimack.